Opinion filed April 18, 2019



In The

# Eleventh Court of Appeals

_____

## No. 11-18-00291-CV

_____

## IN THE INTEREST OF T.T., A CHILD

**On Appeal from the 1st Multicounty Court at Law**
**Nolan County, Texas**
**Trial Court Cause No. CC-7609**

### M E M O R A N D U M   O P I N I O N

This is an appeal from an order in which the trial court terminated the parental rights of the mother and the father of T.T. The father timely filed a notice of appeal; the mother did not appeal. On appeal, the father challenges the legal and factual sufficiency of the evidence. We affirm.

*Termination Findings and Standards*

The termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2018). To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational

trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002). To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(b)(1)(A)–(U) and that termination is in the best interest of the child. FAM. § 161.001(b).

After the final hearing in this case, the trial court found that Appellant had committed two of the acts listed in Section 161.001(b)(1)—those found in subsections (D) and (N). Specifically, the trial court found that Appellant had knowingly placed or knowingly allowed the child to remain in conditions or surroundings that endangered the physical or emotional well-being of the child and that Appellant had constructively abandoned the child. The trial court also found, pursuant to Section 161.001(b)(2), that termination of Appellant's parental rights would be in the best interest of the child. Appellant does not challenge the sufficiency of the evidence to support the best interest finding.

### Evidence and Analysis

The record shows that the family in this case had a long history with the Department, based largely on the mother's long history of using illegal drugs. In 2009, Appellant and T.T.'s mother voluntarily placed T.T. with the maternal grandparents as a result of a safety plan initiated by the Department. In 2014, the mother gave birth to a baby with heroin in its system.[1] Appellant was not the father

---

[1]We note that, in 2017, the mother gave birth to another baby; this baby was addicted to heroin and methamphetamine and had serious health problems as a result.

of this baby, L.L.H., and was not involved in the conservatorship proceeding that was initiated when L.L.H. was born. The Department placed L.L.H. in the maternal grandparents' home where T.T. lived. The Department later learned, however, that not only was the mother using illegal drugs but that the maternal grandparents were also using drugs: heroin and methamphetamine. T.T. and L.L.H. were removed and placed with a relative. At the time of removal, T.T. tested positive for methamphetamine and amphetamine, and L.L.H. tested positive for methamphetamine and cocaine.

After voluntarily placing T.T. with the maternal grandparents in 2009, Appellant was largely absent from T.T.'s life. In 2010, Appellant committed the offense of aggravated robbery in Dallas County; he was sentenced for this offense in June 2011 to a term of confinement for eleven years. Appellant remained incarcerated at the time of T.T.'s removal. However, Appellant expressed an interest in having T.T. placed with him in the future and told the caseworker to contact his fiancée. The fiancée informed the caseworker that she and Appellant would be interested in T.T. living with them after Appellant got out of prison. Appellant did not offer the name of anyone else as a placement option for T.T. while Appellant was incarcerated.

While in prison, Appellant completed a parenting program and a substance abuse class and was involved in a ministry organization. Appellant was released on parole approximately six weeks prior to trial, after serving seven and one-half years of his sentence. He did not appear in person at trial but, instead, opted to appear via telephone.

Appellant testified that, while he was incarcerated, he sent at least two to three hundred letters for T.T. to T.T.'s maternal grandmother. Appellant testified that he sent two letters for T.T. to the Department's caseworker, Dr. John Fisher. Dr. Fisher testified, however, that Appellant did not send any letters to T.T. while this case was

3

pending even though Dr. Fisher had explained to Appellant that he could write letters to T.T. Appellant acknowledged that he knew that, if he wanted to have contact with T.T., he needed to send letters to T.T. through the Department. Dr. Fisher testified that Appellant had constructively abandoned T.T. and that Appellant had had no contact with T.T. while this case was pending. Furthermore, at the time of trial, Appellant and his fiancée were not ready for T.T. to live with them. Appellant requested more time to prepare for T.T. to be placed with Appellant.

At the time of trial, T.T. was eleven years old and had not seen Appellant in eight years. He had no relationship or bond with Appellant and did not even remember Appellant. T.T. did not want to come to court because he did not want to see Appellant. T.T. wanted to stay with the relatives with whom he and L.L.H. had been placed. Those relatives desired to adopt T.T. and L.L.H., and they have provided a safe, stable home and loving environment for the children. T.T.'s behavior improved tremendously after going to live with the placement relatives. T.T. begged these relatives not to let anyone take him away.

Appellant argues in a single issue on appeal that the evidence is legally and factually insufficient to support (1) the trial court's finding under subsection (D)—because the Department failed to show that Appellant knew of the conditions in the grandparents' home—and (2) the trial court's finding under subsection (N)—because the Department failed to prove that it had made reasonable efforts to return the child to Appellant or that Appellant was unable to provide the child with a safe environment.

Under subsection (N), a parent constructively abandons a child if the child has been in the permanent or temporary managing conservatorship of the Department for at least six months, if the Department has made reasonable efforts to return the child to the parent, if the parent has not regularly visited or maintained significant contact with the child, and if the parent has demonstrated an inability to provide the

4

child with a safe environment. We hold that the Department presented clear and convincing evidence as to each of the four elements under subsection (N). *See* FAM. § 161.001(b)(1)(N); *In re B.D.A.*, 546 S.W.3d 346, 359 (Tex. App.—Houston [1st Dist.] 2018, no pet.).

It was undisputed that T.T. had been in the care of the Department for well over six months. Furthermore, the record shows that the Department made reasonable efforts to engage Appellant in his service plan and to inform Appellant about how to keep in touch with T.T., but according to the caseworker, Appellant sent no letters to T.T. while this case was pending. Additionally, Appellant last saw T.T. when T.T. was three years old. At no point after the initial removal was Appellant able to provide a safe, stable environment for T.T., nor was Appellant able to provide the name of anyone else who would do that. Although Appellant had obtained a job, he and his fiancée lived in a two-bedroom apartment with Appellant's cousin. Appellant acknowledged that he was not yet ready for T.T. to come live with him.

Because we find the evidence legally and factually sufficient to support termination of Appellant's parental rights under subsection (N), we need not reach his challenge to the sufficiency of the evidence to support termination under subsection (D). *See* TEX. R. APP. P. 47.1. A finding that a parent committed any one of the acts under Section 161.001(b)(1)(A)–(U) is sufficient to support termination as long as termination is in the child's best interest. We overrule Appellant's sole issue on appeal.

*This Court's Ruling*

We affirm the trial court's order of termination.

KEITH STRETCHER

JUSTICE

April 18, 2019

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.